## Case No. 18,286.

### CROSS v. UNITED STATES.

[2 Hayw. & H. 290.] [1]

Circuit Court, District of Columbia. Dec. 12, 1857.

RESISTING ARREST—WARRANT NOT EXHIBITED.

Where a defendant has knowledge that the officers of justice are in pursuit of him for an offence committed by him against the law, he will not be justified in resisting such officers, even though such officers do not exhibit to him the warrant or inform him of the particular cause of his arrest.

[Writ of error to the criminal court.]

At law. Indictment [of Robert Cross] for assault with intent to kill. The case being closed for the defence, the counsel for the prisoner prayed the court to give the following instructions to the jury:

If the jury believe from the evidence that the defendant Cross called upon the officers, who were seeking to arrest him to show to him, or to inform him for what cause he was to be arrested, and said officers, including Robinson, refused to show or inform him of the cause of his arrest, that the defendant had a right to resist said officers, including Robinson, with the force that he did employ. That if the jury should find from the evidence that the officers, including Robinson, who ar-

rested Cross had refused to show their authority at the request of Cross, &c., then the prisoner was illegally arrested and not culpable; to which Mr. Key objected, saying that it was a hypothesis based upon supposed facts, of which there was not a particle of evidence, and referred to the testimony which had been adduced to show that a direct opposite state of facts was shown, and contended that the instruction was inapplicable to the case and should not be given. The court refused the prayer of the defence, after which Mr. Key offered the following for the adoption of the court, as instructions to the jury: If the jury believe from the evidence that the defendant on 7th street asked certain officers if they had a warrant, &c., or to be informed of the cause of his arrest, which inquiry they refused to answer, it does not in any way justify the violence used by the defendant at another place, to wit: two squares off; if the jury believe from the evidence that none of the persons on 7th street were present, and the violence used was on different persons.

After occupying a short time in preparing the instructions, the court delivered the following to the jury: First. Was there a bench warrant? if there was (and you may collect this fact from the evidence,) in the hands of Deputy Marshal Philips—if you believe that, having such warrant, he called upon the bailiffs in court to aid him in arresting the defendant, against whom the bench warrant was issued on an indictment found, it is not necessary that the officer holding the warrant should be in the sight of the others called on by him as aforesaid whilst making the arrest, provided they were all out at the time in pursuit of the defendant. Com. v. Field, 13 Mass. 321; 1 Chit. Cr. Law, c. 49, § 6. If you believe that these officers were known to the defendant, (which you may infer if you think proper from the circumstances in evidence) the drawing of the pistol with which he inflicted the wound, carrying it openly exposed and threatening to shoot any of the persons in pursuit that came within ten feet of him; his flying and finally using the weapon; if you believe these circumstances show that defendant knew that the officers of justice were in pursuit of him for an offence against the laws of the country, and that the men then before him were such officers. It was unnecessary to show the warrant or inform him of the particular cause of his arrest before he was arrested, it follows as a necessary consequence that the defendant had no right "to resist said officers, including said Robinson, with the force he did employ." Second. The instruction on behalf of the United States it is perhaps unnecessary to answer, the above answer to the defendant's prayer includes a reply to it, but as it is before the court it is granted.

The instructions allowed by the court were in substance such as had been asked by the district attorney. The jury brought in a ver-

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

dict of guilty. The sentence of the court was that the prisoner suffer imprisonment at labor in the penitentiary for the term of eight years. The counsel for the prisoner excepted to the instructions given by the court.

Mr. Chilton, for the prisoner.
Mr. Key, for the United States. ·

THE CIRCUIT COURT affirmed the instructions as given.